Anna TSANGARAKIS, Indiv., and Anna Tsangarakis, Personal Representative and Administratrix of the Goods, Chattels, Credits and Estate of Georgios Tsangarakis, Deceased, Appellants,

v.

PANAMA STEAMSHIP CO., Ltd., S. G. Embiricos, Ltd., Captain Paleokrases, F. A. Klidonieos.

No. 16572.

United States Court of Appeals Third Circuit.

Argued June 18, 1968.

Decided July 9, 1968.

Rehearing Denied Aug. 14, 1968.

* Hon. George H. Boldt, United States District Judge, Western District of Washington, sitting by designation.

See also, D.C., 41 F.R.D. 219.

---

Jacob J. Kilimnik, Philadelphia, Pa., for appellants.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa. (Thomas F. Mount, Philadelphia, Pa., on the brief), for appellees.

Before KALODNER and VAN DUSEN, Circuit Judges, and WRIGHT, District Judge.

## OPINION OF THE COURT

PER CURIAM.

This appeal challenges the January 23, 1967, final decree of the District Court, entering judgment for the respondents on the basis of Findings of Fact and Conclusions of Law made after a trial to the court of this death action brought in admiralty under the Death on the High Seas By Wrongful Death Act, 46 U.S.C.A. §§ 761–767.[1] Libellant's decedent (her 19-year old son) died at sea while a member of the crew of a merchant vessel registered in Liberia. After the afternoon siesta, customary on ships with Greek crews, "Decedent's body was found hanging from the rail of the starboard wing of the poop deck, a rope noose around his neck." After careful consideration of the record, we are unable to find that the following conclusions of the trial judge are erroneous:

"2. Libellant has failed to establish by a preponderance of the evidence that the death of Georgios Tsangarakis aboard the SS. Nikolos was caused by intentional or wilful act of members of the crew of the SS. Nikolos, or that the death resulted from the fault or neglect of the respondents either through the negligence of the Master, officers or members of the Crew of the Nikolos, or by reason of any unseaworthy condition of the Nikolos or its crew.

"3. Libellant has failed to establish a basis for the recovery of damages either under the maritime law of the United States or under Greek law." [2]

There is no merit in appellant's contention that a certificate of the Delaware

1. As to the applicability of this Act to this admiralty action, see Fernandez v. Linea Aeropostal Venezolana, 156 F.Supp. 94 (S.D.N.Y.1957), and authorities there cited; cf. Romero v. International Term. Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Scott v. Eastern Air Lines, Inc., et al., 399 F. 2d 14 (3rd Cir. 1967).

2. Finding of Fact 25 reads:
"25. Libelant has not established the Decedent was murdered or that De-

cedent's death was caused by any other fault of respondents, either by the negligence of the Master, officers or members of the crew of the Nikolos, or by any unseaworthy condition of the vessel or its crew. The evidence preponderates to the conclusion, and the court finds, that Decedent committed suicide by hanging."

County Coroner is "to the effect that the decedent herein was "murdered". The record justifies this sentence of Finding 23:

> "The Coroner's physician was unable to determine the cause of death, and because of lack of medical evidence, the Coroner's jury was unable to reach a verdict as to the cause of death." [3]

The trial judge had the opportunity to observe the doctors and qualified embalmers who testified concerning the possible movement of the larnyx, part of the bronchial tube, and part of the lower trachea into the chest cavity during the embalming process and his evaluation of this testimony is certainly not clearly erroneous. See McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L. Ed. 20 (1954). Similarly, the trial judge was not required to accept the confused testimony of Mr. Zafiratos, who conceded seeing appellant "two or three times a week".

Any presumption either against suicide or in favor of the exercise of due care for his own safety by the decedent may be dissipated by evidence indicating suicide or showing lack of such due care by the decedent. Cf. Sowizral v. Hughes, 333 F.2d 829 (3rd Cir. 1964); Smith v. John Hancock Mutual Life Insurance Company, 254 F.Supp. 622 (W.D.Pa. 1966); Gatenby v. Altoona Aviation Corporation, 268 F.Supp. 599 (W.D.Pa. 1967); and cases cited in those cases. In this case, the defendant came forward with evidence which the fact finder could find negatived the applicability of the presumption against suicide.[4]

The January 23, 1967, judgment of the District Court will be affirmed.

---

3. The Delaware County Coroner's physician testified that at the time of the disinterment of the body and autopsy, "The skin * * * was like leather, couldn't tell a thing. * * * There was no way of me telling whether it [death] was done by hanging or any other way." Exhibits L–4 and L–5 contain no findings on the cause of death.

4. In this record, there is a death certificate showing "suicide" and death due to "strangulation by hanging," as well as oral testimony consistent with such certificate. It is noted that McCormick on Evidence, at p. 643 (fn. 21), makes this comment on the presumption against suicide:

> "This presumption not being based on specific facts proven, but constituting rather a make-weight consideration, where the circumstantial inferences are in doubt, can seemingly have little practical usefulness except as an admonition to the jury in the instructions."

See, also, Hines v. Prudential Insurance Company of America, 235 F.Supp. 695, 697 (E.D.Tenn.), aff'd 357 F.2d 726 (6th Cir. 1964).